IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KIPP MCCLANAHAN.**

    **Plaintiff,**

**v.**

**PERIKIN ENTERPRISES, LLC,**

    **Defendants.**

**PERIKIN ENTERPRISES, LLC,**            No. 1:24-cv-00109-MIS-GJF

    **Third-Party Plaintiff,**

**v.**

**DUB-L-EE, LLC,**

    **Third-Party Defendant.**

## ANSWER TO THIRD-PARTY COMPLAINT

For its answer to the Third-Party Complaint, Third- Party Defendant DUB-L-EE, LLC, a New Mexico Limited Liability Company, alleges and states as follows.

## PARTIES

1.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies the same.

2.    Defendant admits the allegations contained in paragraph 2.

3.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies the same.

4.    The allegations contained in paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

5.    Defendant admits the allegations contained in paragraph 5.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7. In response to the allegations contained in paragraph 7, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 7.

8. In response to the allegations contained in paragraph 8, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 8.

9. In response to the allegations contained in paragraph 9, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 9.

10. In response to the allegations contained in paragraph 10, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 10.

11. In response to the allegations contained in paragraph 11, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 11.

12. In response to the allegations contained in paragraph 12, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. In response to the allegations contained in paragraph 14, Defendant states that the Complaint speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 14.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

## COUNT I – BREACH OF CONTRACT

19. In response to the allegations contained in paragraph 19, Defendant realleges and incorporates its previous responses as if fully set forth herein.

20. In response to the allegations contained in paragraph 20, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. In response to the allegations contained in paragraph 24, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27 and denies that Third-Party Plaintiff is entitled to the relief requested therein.

### COUNT II – CONTRACTUAL INDEMNITY

28. In response to the allegations contained in paragraph 28, Defendant realleges and incorporates its previous responses as if fully set forth herein.

29. In response to the allegations contained in paragraph 29, Defendant states that the Sub-contract speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant denies the remaining allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

### COUNT III – COMMON LAW INDEMNITY

32. In response to the allegations contained in paragraph 32, Defendant realleges and incorporates its previous responses as if fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

### COUNT IV – PROPORTIONAL INDEMNITY

36. In response to the allegations contained in paragraph 36, Defendant realleges and incorporates its previous responses as if fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37.

### COUNT V – EQUITABLE INDEMNITY

38. In response to the allegations contained in paragraph 38, Defendant realleges and incorporates its previous responses as if fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39.

## COUNT VI - CONTRIBUTION

40. In response to the allegations contained in paragraph 40, Defendant realleges and incorporates its previous responses as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41.

## COUNT VII – DECLARATORY JUDGMENT

42. In response to the allegations contained in paragraph 42, Defendant realleges and incorporates its previous responses as if fully set forth herein.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44 and denies that Third-Party Plaintiff is entitled to the relief requested therein.

45. Defendant denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 42 merely state a demand for a jury and require no response.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Defendant asserts the following affirmative or other defenses. Defendant reserves the right to assert further defenses as the case proceeds.

1. All allegations in the Complaint that are not expressly admitted in this Answer are denied.

2. The Third-Party Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. The Third-Party Complaint may be barred in whole or in part by the doctrines of unjust enrichment, waiver and estoppel.

4. The Third-Party Complaint may be barred, in whole or in part, by the applicable statutes of limitations and the doctrines of waiver, estoppel laches, unclean hands, lack of consideration, and/or collateral estoppel.

5. Third-Party Plaintiff has not been damaged. If it has been damaged, its claims for damages should be barred or reduced for its failure to mitigate their damages.

6. Third-Party Plaintiff's damages, if any, are the result of their own acts and omissions for which Defendant is not responsible. Additionally, Third-Party Plaintiff's damages, if any, are the result of acts and omissions of third parties for which Defendant is not responsible.

7. The claims in the Third-Party Complaint are barred by the exclusivity provisions of the New Mexico Worker's Compensation Act.

8. The claims in the Third-Party Complaint are barred by the New Mexico Anti-Indemnity statute.

9. The claims and causes of actions are barred in whole or in part to the extent Defendant owed no legal duty to the Third-Party Plaintiff or, if it owed a legal duty, to the extent that no such duty was ever breached.

10. In the event Third-Party Plaintiff sustained damages as alleged, such damages were the result of intervening, superseding, or unavoidable events, factors, occurrences, or conditions that were in no way caused by Defendant and by which this Defendant is not liable for such damages.

11. Third-Party Plaintiff's claims are barred or reduced to the extent that Defendant has relied upon acts, omissions, and/or material representations made by Third-Party Plaintiff to its detriment.

12. Defendant does not knowingly or intentionally waive any applicable affirmative defenses. Defendant affirmatively reserves the right to assert additional defenses that may be discovered after appropriate discovery and to which it may be entitled under the law, including case law, statutes, and rules.

WHEREFORE, Defendant requests that the Court enter an order dismissing the Third-Party Complaint, with prejudice, and that it award such other and further relief as is just and proper, including attorney's fees and costs.

Respectfully submitted,

Dated: March 14, 2024          RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By     */s/ Charles J. Vigil*
       Charles J. Vigil
J. Randy Taylor
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
cvigil@rodey.com
rtaylor@rodey.com
*Attorneys for DUB-L-EE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I filed the foregoing using CM/ECF which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By     */s/ Charles J. Vigil*
       Charles J. Vigil