IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIPP McCLANAHAN,

    Plaintiff,

v.

PERIKIN ENTERPRISES, LLC,

    Defendant.

-------------------------------------------

PERIKIN ENTERPRISES, LLC,

    Third-Party Plaintiff,

v.

DUB-L-EE, LLC,

    Third-Party Defendant.

Case No. 1:24-cv-00109-MIS-GJF

**ORDER DENYING PERIKIN ENTERPRISES, LLC'S
MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEYS' FEES AND COSTS AND
DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND FOR
ATTORNEYS' FEES AND COSTS**

    **THIS MATTER** is before the Court on Plaintiff Kipp McClanahan's Motion to Remand to State Court and for Attorneys' Fees and Costs, ECF No. 12, filed February 14, 2024. Defendant Perikin Enterprises, LLC filed a Response on February 28, 2024, ECF No. 16, to which Plaintiff filed a Reply on March 12, 2024, ECF No. 20.

    Also before the Court is Defendant's Motion for Leave to File a Sur-Reply to Plaintiff's Motion to Remand and for Attorney's Fees and Costs, ECF No. 31, filed March 19, 2024, to which Plaintiff filed a Response on April 1, 2024, ECF No. 33.

Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** both Motions.

## I. Background

On January 16, 2024, Plaintiff filed a Complaint against Defendant Perikin Enterprises, LLC in the Second Judicial District Court in Bernalillo County, New Mexico. See ECF No. 1-1 ("Complaint"). The Complaint alleges that on November 3, 2022, Plaintiff was severely injured while working on assignment at Kirtland Air Force Base for Third-Party Defendant DUB-L-EE Construction and "under the supervision, instruction, and guidance" of Defendant Perikin Enterprises, LLC. Id. ¶¶ 5-6. The Complaint asserts six causes of action under New Mexico state law—including claims for negligence (Count I), negligence per se (Count II), and Joint and Several Liability (Count VI)—alleging Defendant is liable for Plaintiff's injuries. Id. ¶¶ 14-68.

On February 2, 2024, Defendant removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1 ¶¶ 4-12.

On February 14, 2024, Plaintiff filed the instant Motion to Remand to State Court and for Attorneys' Fees and Costs. ECF No. 12. Defendant filed a Response, ECF No. 16, to which Plaintiff filed a Reply, ECF No. 20. Thereafter, Defendant filed a Motion for Leave to File a Sur-reply, ECF No. 31, to which Plaintiff filed a Response, ECF No. 33. The Court did not wait for Defendant to file a Reply.

## II. Legal Standard

Federal district courts "are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

2

establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citations omitted).

This case was removed pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original Jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish either that: (1) "federal law creates the cause of action[,]" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Firstenberg v. City of Santa Fe, N.M., 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006)) (internal quotation marks omitted). "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." Id. (quoting Gilmore v. Weatherford, 694 F.3d 1160, 1171 (10th Cir. 2012)).

"The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." Id. (quoting Nicodemus, 440 F.3d at 1232). "The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint. Although he 'may not circumvent federal jurisdiction by omitting federal issues that are essential to his . . . claim,' he can nevertheless 'avoid federal jurisdiction by exclusive reliance on state law[.]'" Id. (quoting Nicodemus, 440 F.3d at 1232). "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." Id. (quoting Turgeau v. Admin. Rev. Bd., 446 F.3d 1052, 1060 (10th Cir. 2006)) (internal quotation marks omitted).

3

**III.     Discussion**

Plaintiff argues that the Court should remand this action to state court because federal law does not completely preempt his state law claims, he pled violations of federal statutes only as elements of his state law claim for negligence per se, and he did not assert any independent federal claims.  ECF No. 12 at 4.  Plaintiff requests attorneys' fees and costs associated with filing the Motion to Remand pursuant to 28 U.S.C. § 1447(c).  Id. at 6-7.

Defendant argues that the "federal enclave doctrine" provides the basis for federal question jurisdiction.  ECF No. 16 at 4-7.  It further argues that Counts I and II arise under federal law because the Complaint alleges that federal statutes and regulations create the standard of care underpinning the negligence and negligence per se claims.  Id. at 7-9.  It further argues that Counts II and VI arise under federal law because the federal contract between Perikin and DUB-L-EE is the basis for those claims.  Id. at 8-11 (citing ECF No. 1-1 ¶¶ 8, 10-12, 61, 67).  It further argues that Plaintiff's state law claims are properly characterized as federal claims under the "artful pleading doctrine."  Id. at 11-13.  Finally, it argues that even if the Court finds that remand is proper, it should deny Plaintiff's request for attorneys' fees and costs.  Id. at 13.

In his Reply, Plaintiff argues that the federal enclave doctrine does not "mandate" removal for all claims for injuries occurring on military bases because claims arising from incidents in federal enclaves do not always "arise under" federal law.  ECF No. 20 at 4.  In this regard, he appears to argue that even when the injuries are suffered in a federal enclave, a state law cause of action to recover for those injuries only arises under federal law if federal law is an essential element of the claim.  See id.  He further argues that even if the "federal enclave doctrine" applies as to the location of the injury, remand is proper because "the decisions and actions by defendant and DUB-L-EE, LLC, leading to the cause of injury did not occur on a federal enclave."  Id. at 1;

4

see also id. at 5-6.  He further argues that his state law claims are not based upon the contracts between Perikin and DUB-L-EE.  Id. at 6-7.[1]

Defendant moves for leave to file a sur-reply to address Plaintiff's argument that "'the decisions and actions by defendant and DUB-L-EE, LLC, leading to the cause of injury' did not occur on Kirtland Air Force Base, a federal enclave."  ECF No. 31 at 2.  However, because the Court agrees with Defendant that the federal enclave doctrine provides a basis for federal question jurisdiction regardless of Plaintiff's argument regarding the locus of the decisions leading to his injury, the Court **DENIES** the Motion for Leave to File a Surreply.

"A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession.  These enclaves include numerous military bases, federal facilities, and even some national forests and parks."  Allison v. Boeing Laser Tech. Servs., 689 F.3d 1234, 1235 (10th Cir. 2012).  "[W]hen 'the United States acquires with the 'consent' of the state legislature land within the borders of that State . . . the jurisdiction of the Federal Government becomes 'exclusive.'"  Id. at 1236 (quoting Paul v. United States, 371 U.S. 245, 264 (1963)).  See also Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998) ("The United States has power and exclusive authority 'in all Cases whatsoever . . . over all places purchased' by the government 'for the erection of Forts, Magazines, Arsenals, Dock–Yards, and other needful Buildings,' U.S. Const. art. I, § 8, cl. 17. Such places are 'federal enclaves' within which the United States has exclusive jurisdiction.").  "Personal injury actions which arise from

---

[1] Plaintiff also argues that the "federal officer doctrine" cannot provide the basis for federal question jurisdiction because Defendant did not assert it as a basis for federal jurisdiction in the Notice of Removal.  ECF No. 20 at 1, 2-3.  However, Defendant did not argue in its Response to the Motion to Remand (or anywhere else) that the "federal officer doctrine" provides the basis for federal question jurisdiction.

incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." Id.

Here, the Complaint alleges that Plaintiff was "working . . . on an assignment at the Kirtland Air Force Base[] when he was severely and gravely injured after a steel trench plate, weighing approximately 2500 pounds, fell on top of him." ECF No. 1-1 ¶ 5. The Tenth Circuit has found, and Plaintiff does not dispute, that Kirtland Air Force Base is a federal enclave. Allison, 689 F.3d at 1236 ("Kirtland Air Force Base is a federal enclave: it is located on land that New Mexico ceded to the federal government in 1952 and 1954. Since that time the federal government has exercised exclusive jurisdiction within the boundaries of the Base."). Because this is a personal injury lawsuit arising from an incident occurring in a federal enclave, removal was proper pursuant to this Court's federal question jurisdiction. Akin, 156 F.3d at 1034. See also Ramos v. C. Ortiz Corp., CV No. 15-980 MV/CG, 2016 WL 10571684, at *4-8 (D.N.M. May 20, 2016) (finding that the court had federal question jurisdiction over a personal injury action occurring in a federal enclave and denying motion to remand); Bachman v. Fred Meyer Stores, Inc., 402 F. Supp. 2d 1342, 1348-49 (D. Utah 2005) (same).

The Court rejects Plaintiff's argument that claims arising from incidents in federal enclaves do not always arise under federal law. See Ramos, 2016 WL 10571684, at *5-6 (rejecting the argument "that federal enclave jurisdiction does not necessarily provide a basis for removal, as claims arising from incidents on federal enclaves do not always arise under federal law"). The Court finds that a personal injury action arising from an incident occurring in a federal enclave "arises under the laws of the United States, within the meaning of 28 U.S.C.A. § 1331 . . . ." Mater v. Holley, 200 F.2d 123, 125 (5th Cir. 1952) (cited with approval in Akin, 156 F.3d at 1034 n.1). See also Bd. of Comm'rs of the Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC, 29

6

F. Supp. 3d 808, 830 (E.D. La. 2014) ("Federal enclave jurisdiction is a form of federal question jurisdiction derived from Article I, section 8, clause 17 of the United States Constitution.").

The Court also rejects Plaintiff's argument that federal enclave jurisdiction does not exist because the decisions by Perikin Enterprises and DUB-L-EE that led to Plaintiff's injuries were made outside of the federal enclave. To begin with, the Complaint does not allege that decisions made by Perkin Enterprises or DUB-L-EE outside of a federal enclave led to Plaintiff's injuries, and Plaintiff has submitted no evidence to support this claim. However, even if true, it is irrelevant because "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." Akin, 156 F.3d at 1034. Because this is a personal injury action arising from an incident occurring in a federal enclave, the Court has federal question jurisdiction regardless of whether some decision made by Defendant outside of the enclave led to Plaintiff's injury. See Amtec Corp. v. U.S. Centrifuge Sys., L.L.C., CV-12-RRA-1874-NE, 2012 WL 12897212, at *8 (N.D. Ala. Dec. 6, 2012) ("In a personal injury case, the rule seems to be that the court should look to where the injury occurred [to determine whether federal enclave jurisdiction exists]."); Akin v. Big Three Indus., Inc., 851 F. Supp. 819, 824 (E.D. Tex. 1994) (finding that "the location of the claimed exposures . . . is the singularly relevant fact when determining the applicability of enclave jurisdiction"); see also Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 218 (4th Cir. 2022) ("[F]ederal courts have . . . reasoned that federal-question jurisdiction only lies over federal enclaves when personal injuries are sustained within an enclave's boundaries.") (citing Akin, 156 F.3d at 1034-36); Mater, 200 F.2d at 123-25).

### IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Motion to Remand and for Attorneys' Fees and Costs, ECF No. 31, is **DENIED**; and

2. Plaintiff's Motion to Remand to State Court and for Attorneys' Fees and Costs, ECF No. 12, is **DENIED**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE